

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

May 3, 1966

Honorable Robert S. Calvert          Opinion No. C-674
Comptroller of Public Accounts
Austin, Texas                        Re:  Permit fee on cigarette
                                          vending machines on
Dear Mr. Calvert:                         military reservations.

        By letter of March 15, 1966, you request an opinion of
this office on the following question:

        "Are cigarette vending machines owned and
        operated by a concessionaire on a military
        reservation subject to the permit fee under
        Article 7.09, Title 122A, Taxation-General,
        Vernon's Civil Statutes."

        It is our understanding that only cigarettes upon which
the necessary State tax has been affixed are sold from the
cigarette vending machines on the military reservations; that
cigarettes exempt from tax are only sold to authorized personnel
by Post, Camp, or Unit Exchanges established and operated by
the Armed Forces.

        The military authorities require the concessionaire
". . . to pay all license fees, and comply with all municipal,
state or Federal laws, rules, ordinances, and regulations
relating to the preservation of the public health or applica-
ble to the business carried on under this agreement, and to
assume complete and sole liability for all Federal, state and
local taxes applicable to the property, income and transactions
of the concession."

        Article 7.09, Title 122A, Taxation-General, Vernon's
Civil Statutes, requires every distributor, wholesale and
retail dealer in this State now engaged or who desires to
become engaged in the sale or use of cigarettes upon which
a tax is required to be paid, to file an application for a
cigarette permit as a distributor, wholesale dealer or retail
dealer, and to forward with said application, in the case of
a retail dealer a fee of five dollars. Coin-operated cigarette
or tobacco products vending machines shall be issued a retail

-3246-

dealers permit.  Said permit shall provide that the same is revocable and shall be forfeited or suspended if the conditions of issuance are not complied with, or upon any violation of the provisions of the Cigarette Act or any reasonable rule or regulation adopted by the Comptroller.  If a permit is revoked, forfeited or suspended, the dealer is prohibited from selling cigarettes from such place of business until a new permit is granted or the suspension of the old permit removed.  The Treasurer of the State may refuse to sell stamps to any person who has not obtained a permit to engage in business as a distributor or to any distributor whose permit has been revoked or suspended until such permit has been reinstated or a new permit issued.

This office has heretofore held that a retail permit was required for each cigarette vending machine.  Attorney Generals Opinion No. WW-212 (1957).

From the foregoing it appears that the provisions of the cigarette law insofar as the permit is concerned is regulatory in nature and designed to prohibit the operation as a specified dealer except under certain conditions prescribed by the legislature and primarily regulated in such a manner to guarantee as nearly as possible the payment of the taxes due on cigarettes sold.

Having determined that the legislature intended that every person selling cigarettes be required to have a permit before engaging in such business, what is the effect, if any, of selling cigarettes from vending machines on military reservations?

Section 105 of Chapter 4, U. S. Code, and being a portion of what is commonly known and referred to as the "Buck Act," specifically provides:

> "(a)  No person shall be relieved from liability for payment of, collection of, or accounting for any sales or use tax levied by any State, or by any duly constituted taxing authority therein, having jurisdiction to levy such a tax, on the ground that the sale or use, with respect to which such tax is levied, occurred in whole or in part within a Federal area; and such State or taxing authority shall have full jurisdiction and power to levy

and collect any such tax in any Federal
area within such State to the same extent
and with the same effect as though such
area was not a Federal area."

In the absence of the above Federal Statute, the State
of Texas would be without authority to levy taxes on military
reservations which had been ceded to the United States without
reserving the taxing authority. Adams v. Calvert, 396 S.W.2d
948 (Tex.Sup. 1965). In this case the State of Texas was seek-
ing to collect an occupation tax on "coin operated machines"
levied by Article 13.02, Taxation-General of Vernon's Civil
Statutes. As the Buck Act only authorized the States to levy
and collect sales and use taxes where exclusive jurisdiction
was ceded by a State, the Court stated: "Once exclusive juris-
diction is ceded, only those State and local taxes authorized
by the Buck Act, 4 U.S.C. Sections 104-110, may be levied
against property in the Federal enclave." The cigarette tax
is a sales and use tax and the Buck Act clearly authorizes the
States to levy and collect such tax. The Buck Act expressly
states that the State's jurisdiction to collect the sales and
use taxes shall be "to the same extent and with the same effect
as though such area was not a Federal area." Such language
clearly gives the State of Texas the unquestioned right to
collect the permit fee set forth in Article 7.09, Taxation-
General, Vernon's Civil Statutes, as the permit requirement
is incidental to and in furtherance of the collection of the
sales and use tax on cigarettes.

## S U M M A R Y

Cigarette vending machines owned and
operated by a concessionaire on a military
reservation are subject to the permit fee
under Article 7.09, Title 122A, Taxation-
General, V.C.S.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By

Gordon C. Cass
Assistant

GCC/fb

Hon. Robert S. Calvert, page 4 (C- 674)


APPROVED:

OPINION COMMITTE
W. V. Geppert, Chairman
Marietta Payne
Bill Allen
James Broadhurst
Malcolm Quick

APPROVED FOR THE ATTORNEY GENERAL
BY:  T  B. Wright